**So Ordered.**

**Dated: June 12th, 2019** 

Frank L. Kurtz
Bankruptcy Judge

METINER G. KIMEL - State Bar No. 21280
KIMEL LAW OFFICES
205 N. 40th Ave., Ste 205
Yakima, WA 98908

Telephone: (509) 452-1115
Facsimile: (509) 965-5860

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: THOMAS SILVA,<br><br>        Debtor, | Case No. 18-01618<br>Chapter 12<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE DEBTOR'S CHAPTER 12 PLAN, AS MODIFIED BY AGREED ORDER WITH U.S. BANK** |

In re SILVA; 18-01618  
Findings and Conclusions re: Confirmation

Kimel Law Offices  
205 N. 40th Ave., Ste. 205  
Yakima, WA 98908

1`

18-01618-FLK12    Doc 73    Filed 06/12/19    Entered 06/12/19 14:25:20    Pg 1 of 5

The matter of the hearing on confirmation of the Debtor's Chapter 12 Plan in the case of <u>In re Thomas Silva</u>, Case No. 18-1618, came before the Honorable Frank L. Kurtz on June 11, 2019 at 10:00 a.m.. Metiner G. Kimel, counsel for the Debtor appeared and Thomas Silva appeared on his own behalf. Other appearances are as noted in the record.

At the time of the hearing on confirmation of the Plan, the following papers, declarations and documents were before the Court:

| <u>Exhibit</u> | <u>Name of Document</u> | <u>Docket no</u>. |
|---|---|---|
| 1 | Motion to Redeem, Sell Property Free and Clear of liens | 12 |
| 2 | Notice of Sale of Property Fee and Clear | 13 |
| 3 | Agreed Order Granting Motion to Sell | 29 |
| 4 | Motion to Extend Time to Chapter 12 Plan and Notice | 31 |
| 5 | Order Granting Motion to Extend Time to File Plan and Confirmation Hearings | 36 |
| 6 | Debtor's Chapter 12 Plan and Accompanying Documents (the "Plan") | 37 |
| 7 | Notice of Filing of Chapter 12 Plan, Hearing Dates for Confirmation, Status Conference, Time to Object | 38 |
| 8 | Motion to Value Property with creditor U.S. Bank and Notice | 40 |
| 9 | Declaration of Tom Silva in Support of Motion to Value | 41 |
| 10 | Minute Entry re: Status Re; Valuation. HELD. Court will continue the confirmation hearing subject to a renoted date once parties have met with the Trustee to see if the matter can be resolve without the need for an evidentiary hearing on valuation of the residence | 50 |
| 11 | Notice of Hearing On Debtor's Chapter 12 Plan and Time to Object | 57 |

In re SILVA; 18-01618
Findings and Conclusions re: Confirmation

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA 98908

2`

18-01618-FLK12    Doc 73    Filed 06/12/19    Entered 06/12/19 14:25:20    Pg 2 of 5

| 12 | Declaration of Thomas Silva in Support of Confirmation of Chapter 12 Plan | 62 |
|---|---|---|
| 13 | Declaration of Sergio Marquez in Support of Confirmation of Chapter 12 Plan | 63 |
| 14 | [proposed] Findings and Conclusions With Regard to Confirmation of Debtor's Chapter 12 Plan as Modified | 65 |
| 15 | Agreed Order On Motion to Value | 68 |

Based upon the above referenced pleadings, all additional pleadings filed in the case, and the testimony provided to the Court at the hearing on Confirmation, the Court now makes the following findings and conclusions:

1. The Plan provides for the submission of all or such portion of the Debtor's future earnings or other income to the supervision and control of the trustee as necessary for the execution of the Plan, thereby satisfying the requirements of Bankruptcy Code §1222(a)(1).

2. The Plan provides for full payment, in deferred cash payments, of all claims entitled to priority under section 507, thereby satisfying the requirements of Code §1222(a)(2).

3. The Plan complies with Sections 1222(3) classification and contents of a plan in that the Plan appropriately places claim in the same class only if they are claims that are substantially similar to other claims or interests in the class.

4. Article III of the Plan designates the classification of claims and interests

5. Article IV of the Plan specifies the treatment afforded to each of classes of claims and interests under the Plan.

6. The Plan provides all Claims within the same class are receiving identical treatment unless the holder of a claim has agreed to less favorable treatment. All members of each class are treated equally with respect to their class.

In re SILVA; 18-01618
Findings and Conclusions re: Confirmation

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA 98908

3`

18-01618-FLK12    Doc 73    Filed 06/12/19    Entered 06/12/19 14:25:20    Pg 3 of 5

7. As the Debtor does not have any child support obligations, Code § 1222(a)(4) is not applicable in the Debtor's case.

8. Because the Plan satisfies the requirements of 11 U.S.C. §§ 1222 (a)(1),(2),(3), and (4), the Plan complies with the provisions of 11 U.S.C. § 1225(a)(1).

9. Based upon the Declaration of Thomas Silva filed in support of confirmation of the Plan, his farming operations were conducted through D'Silva Farm Products LLC ("LLC") prior to the filing of the case, the total debt between the Debtor and the LLC did not exceed $4,153,150.00 at the time of the filing of the Case, that approximately 82% of the Debtor and the LLC's assets were related to farming operations, and approximately 75% of the total debt to be administered in the case arises out of the Debtor and the LLC's farming operations. Accordingly, the Debtor's farming operations were eligible for Chapter 12 at the time that the bankruptcy case was filed.

10. The filing fees in this case were paid as of the date that the case was filed, the Plan's budget provides for the payment of additional administrative expenses incurred and to be incurred in the case, and therefore the requirements of Bankruptcy Code §1225(a)(2) have been satisfied.

11. There were no objections filed to the Plan, the Plan as modified by the Confirmation Order has addressed the prior objection of the U.S. Bank regarding the valuation and treatment of its secured claim, and the Plan provides for payment of at least what unsecured creditor would have received in a Chapter 7 proceeding. The Court therefore finds that the Plan satisfies the good faith requirement of Code § 1225(a)(3).

12. As of May 13, 2019, the total amount of Filed Claims that are general unsecured claims (Class 13 Claims) total approximately $33,284.00. The Plan proposes to pay $9,600.00 on account of Class 9 claims over the three year term of the plan at a rate of $3,200.00 per year, starting with 2019. As set forth under Section IX of the Plan, the Debtor believes that all unsecured creditors, including a Chapter 7 trustee, would receive a total of $9,350.00 on account of their Allowed Claims in a Chapter 7 proceeding. Since the Plan proposes to pay more

In re SILVA; 18-01618
Findings and Conclusions re: Confirmation

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA 98908

4`

18-01618-FLK12    Doc 73    Filed 06/12/19    Entered 06/12/19 14:25:20    Pg 4 of 5

($9,600.00), than the total Allowed Filed unsecured claims in the Case would receive in a Chapter 7, the Plan satisfies Code § 1225(a)(4).

13. Other than U.S. Bank, there has been no objections filed to the Plan, all secured creditors other than U.S. Bank are deemed to have accepted the Plan. Since U.S. Bank's objection has subsequently been resolved by an agreed order, the Plan satisfies the requirement of Code § 1225(a)(5).

14. Based upon the 3 year budget projections attached as Exhibit "1" to the Silva Declaration, the Debtor satisfies the requirements of Bankruptcy Code §1225(a)(6) that he should be able to make all payments under the plan and be able to comply with the plan.

15. Bankruptcy Code §1225(a)(7) requires that the Debtor be current on any domestic support obligations that "first become payable after the date of the fling of the petition."

16. Based upon the Silva Declaration that he owes no domestic support obligations, Bankruptcy Code §1225(a)(7) is satisfied or inapplicable in this Case.

17. As there has been no objection from the Trustee or any unsecured creditor, Code § 1225(b) is not applicable to the case.

These shall constitute the findings of fact and conclusions of law of the Court in accordance with Federal Bankruptcy Rule of Procedure 7052.

Presented by:
METINER G. KIMEL, counsel for the Debtor.

In re SILVA; 18-01618
Findings and Conclusions re: Confirmation

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA 98908

5`

18-01618-FLK12    Doc 73    Filed 06/12/19    Entered 06/12/19 14:25:20    Pg 5 of 5